

FILED

AUG -9 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS BELLAMY,

    Plaintiff,

v.

ACTION NO. 2:10cv184

DEUTSCHE BANK NATIONAL
TRUST COMPANY,
*as Trustee of the Home Equity Mortgage
Loan Asset-Backed Trust Series,
INABS 2005-D Home Equity Mortgage
Loan Asset Backed Certificates,
Series INABS 2005-D*,

ONE WEST BANK,
*as Successor to IndyMac Federal Bank
formerly know as* IndyMac Bank, and

INDYMAC ABS, INC.,

    Defendants.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered July 22, 2010.

This case was referred for a report and recommendation on the Motion to Dismiss Amended Complaint (Doc. 9) filed by Defendants OneWest Bank ("OneWest Bank") and Deutsche Bank National Trust Company ("Deutsche Bank"), and Plaintiff's Motion for Leave to Amend First Amended Complaint (Doc. 14). For the reasons stated herein, the Court recommends Defendants'

Motion to Dismiss Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) be DENIED as MOOT, and Plaintiff's Motion for Leave to File Second Amended Complaint be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 9, 2010, Plaintiff filed his original Complaint in the Circuit Court for the City of Portsmouth, Virginia, alleging a securitization scheme between the Defendants, in addition to fraud, unjust enrichment, breach of contract, breach of deed, violation of the Real Estate Settlement Practices Act ("RESPA"), conversion, and negligence. Defendants removed the action to this Court on April 22, 2010, and filed a Motion to Dismiss pursuant to Rule 12(b)(6). Instead of filing a response to the motion, Plaintiff filed an Amended Complaint on May 14, 2010, alleging breach of contract, defamation and violation of RESPA.

Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) on May 28, 2010. (Doc. 9.) Without responding to this second motion to dismiss, and after the response time had run, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (Doc. 14) on June 25, 2010. The attached Second Amended Complaint includes three counts: (1) breach of contract by Deutsche Bank and OneWest Bank, (2) equitable estoppel, and (3) violation of RESPA by OneWest Bank On July 9, 2010, Defendants filed an opposition to the Motion for Leave to Amend. The time for a reply having expired, the Court turns to the merits of the Motion for Leave to File and the Motion to Dismiss.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading."

If a party seeks to amend its pleading in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) and Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. MOTION TO AMEND

Having already amended his Complaint, Plaintiff may amend a second time only with the Court's permission, which it must grant "freely" if "justice so requires." Fed. R. Civ. P. 15(a). That rule reflects the federal policy of "resolving cases on their merits instead of disposing of them on technicalities." Sciolino v. City of Newport News, VA, 480 F.3d 642, 651 (4th Cir. 2007). Defendants have failed to show how granting leave to amend would be prejudicial or futile, or that Plaintiff is acting in bad faith.

Defendants argue allowing the Second Amended Complaint would be futile, and refer to the arguments made in their motion to dismiss. (Opp. at 3-4). However, Plaintiff addressed the majority of Defendants' concerns raised in the Motion to Dismiss the Amended Complaint when crafting the Second Amended Complaint. In the motion to dismiss, Defendants first argue Plaintiff has failed to allege a valid breach of contract claim because (1) the claim is only brought against Deutsche Bank and Plaintiff fails to state what contractual obligations exist between himself and Deutche Bank, and (2) Plaintiff fails to attach a copy of the Note and Deed of Trust. (Mem. in Supp. Mot. to Dismiss at 6.) In the Second Amended Complaint, the breach of contract claim is brought against

3

OneWest Bank as well as Deutsche Bank, and the Deed of Trust has been attached. (Sec. Am. Compl. at 4, Ex. 1.) Plaintiff explains that the Note, while requested, was not provided to him by IndyMac Bank. (Sec. Am. Compl. ¶ 35c.) Plaintiff outlines in the Second Amended Complaint the nature of the contractual agreement he alleges exists between himself, OneWest Bank, and Deutsche Bank. (Sec. Am. Compl. ¶¶ 2, 3, 5, 16, 18, 19.)

Next, Defendants argue the Plaintiff's RESPA claim fails because Plaintiff "fails to state any factual information regarding the alleged QWRs (Qualified Written Requests), which are not attached to the Amended Complaint, and whose contents are neither quoted nor referenced." (Mem. in Supp. Mot. to Dismiss at 9.) Further, Defendants argue a RESPA claim based on a QWR sent to, or received by, the former IndyMac Bank between the months of July 11, 2008 and March 19, 2009 is invalid, because during those months the bank was operated by the FDIC which is exempt from RESPA. Id. In the Second Amended Complaint, Plaintiff attaches the QWR on which the RESPA claim is based, and the response letter he received from IndyMac Mortgage Services. (Sec. Am. Compl. Exs. 4 and 5.) The QWR is dated March 27, 2009, outside the time period when the bank was operated by the FDIC. Id.

Lastly, Defendants assert in the motion to dismiss that the defamation claim is barred by the statute of limitations, and the punitive damages sought in relation to the defamation claim should also fail. (Mem. in Supp. Mot. to Dismiss at 11-15.) Consequently, Plaintiff dropped the untimely defamation claim and the claim for punitive damages in the Second Amended Complaint. (Sec. Am. Compl.) The above concerns form the predominant part of Defendants' Motion to Dismiss the Amended Complaint, and have all been rectified. Therefore, Defendants' argument, that the amendment should be denied as futile based on the arguments made in their motion to dismiss, is

without merit.

Defendants also argue Plaintiff was dilatory in failing to make these allegations when the first Complaint was filed, and that Defendants would be prejudiced by the amendment as they have expended considerable time and resources responding to the first two Complaints filed in this action. (Opp. at 4-5.) The Second Amended Complaint does not include any newly discovered evidence, and all allegations could have been made in the original complaint. In fact, Plaintiff admits the motion for leave to amend was filed because he "has changed his position on certain issues in his complaint based on Defendants' motions to dismiss." (Mem. in Supp. Mot. for Leave at 2.) However, it is early in the litigation and no initial pretrial conference has been held in the case. As a result, Defendants will not be unduly prejudiced if the amendment is allowed. See Laber v. Harvey, 438 F.3d at 427 (holding "[a]n amendment is not prejudicial [] if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."). For these reasons, the Court recommends GRANTING Plaintiff's Motion for Leave to Amend First Amended Complaint. (Doc. 14.)

As discussed above, the majority of Defendants' concerns outlined in the Motion to Dismiss the Amended Complaint have been addressed in the Second Amended Complaint. Therefore, the Court recommends DENYING Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9) as MOOT.

While the Court is not inclined to recommend awarding Defendants' fees and costs associated with responding to the first two complaints, any additional amendments by Plaintiff may necessitate such an award.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss the Amended Complaint be DENIED as MOOT and Plaintiff's Motion for Leave to File a Second Amended Complaint be GRANTED.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 6, 2010

6

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Emmett F. Robinson, Sr., Esq.
Law Office of E. F. Robinson
1712 Financial Loop
Lakeridge, VA 22192

Amy E. Miller, Esq.
McGuire Woods LLP (McLean)
1750 Tysons Blvd.
Suite 1800
McLean, VA 22102-4215

Erin Q. Ashcroft, Esq.
Robert W. McFarland, Esq.
McGuire Woods LLP (Norfolk)
101 W. Main Street
Suite 9000
Norfolk, VA 23510-1655

Fernando Galindo, Clerk

By _____
Deputy Clerk
August 9, 2010